OPINION
Defendant/appellant, Randy Ervin ("the appellant"), appeals from a judgment of conviction and sentence of the Shelby County Court of Appeals, Criminal Division. For the following reasons, we affirm the judgment of the trial court.
On the 14th day of December, 2000, the appellant was indicted on four counts of Trafficking in Drugs, a fourth degree felony in violation of R.C. 2925.03, and four counts of Preparation for Sale, a fourth degree felony in violation of R.C. 2925.07. The matter came before the court on arraignment on December 27, 2000 at which point the appellant pled not guilty.
On April 18, 2001, the appellant tendered a plea of guilty, to the amended charge of Trafficking in Drugs (Counts I and III), in violation of R.C. 2925.03, a felony of the fifth degree. The trial court accepted the plea. On May 29, 2001, a sentencing hearing was held pursuant to R.C. 2929.19 during which the trial court imposed a fine of $400.00, ordered the appellant to successfully complete treatment at the WORTH Center, ordered restitution in the amount of $700.00, and required the payment of court costs. The court noted that a violation of the sentence could lead to a more restrictive sanction, a longer sanction, or a prison term of up to twelve months as to each count.
The appellant was unsuccessfully terminated from the WORTH Center on June 21, 2001. A hearing was held on the matter of the community control violation and the appellant was sentenced to a stated prison term of eleven months as to each count, to be served consecutively.
The appellant now appeals asserting the following two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in sentencing the appellant to consecutive terms of incarceration/confinement.
In his first assignment of error, the appellant contends that the trial court's imposition of consecutive sentences is disproportionate to the seriousness of his conduct and to the danger the offender poses to the public. For the following reasons, we disagree.
R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that: "(a) the record does not support the sentence; * * * [or] (d) * * * the sentence is otherwise contrary to law."
Due to the July 1, 1996, enactment of the Senate Bill 2, Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. With regard to those findings, this Court has repeatedly held that "it is the trial court's findings under R.C.2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19 which, in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid."[1] A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence.[2] The trial court's findings and reasoning need not appear in the judgment entry, although this is the best practice.[3]
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C.2929.14(E) states, in pertinent part, as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Additionally, the trial court must comply with R.C. 2929.19(B)(2)(c), which states, in pertinent part, as follows:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentence.
The appellant bears the burden of providing a record that demonstrates his claimed error.[4] Turning to the record, we note that we have available the judgment entry from July 5, 2001, but there is no transcript from the community control violation hearing that was held on the 26th of June, 2001. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."[5] Without this transcript it is impossible for this Court to review the evidence forming the basis of the trial court's findings and the appellant's claim of error. The appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in convicting and sentencing the appellant of the offense of Drug Preperation [sic], O.R.C. 2925.07 (A).
In his second assignment of error, the appellant contends that "the conviction of O.R.C. 2925.07(A), in this case violates the appellant's right to be free from double jeopardy, as preperation [sic] is an included act of Drug Trafficking, O.R.C. 2925.03(A)."
The appellant pled guilty to and received a conviction and sentence for two violations of R.C. 2925.03, not R.C. 2925.07. Accordingly, we are unable to consider the appellant's second assignment of error as it pertains to a crime for which he was not convicted. The appellant's second assignment of error is dismissed.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] State v. Bonanno (June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported.
[2] Id.
[3] R.C. 2929.19; see, also, State v. Martin (1999), 136 Ohio App.3d 355,362 and State v. Martin (2000), 140 Ohio App.3d 326, 334.
[4] App.R. 9(B) and 10(A); Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19.
[5] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; see, also, Baker v. Cuyahoga Cty. Court of Common Pleas (1989),61 Ohio App.3d 59, 62-63.